rah/2005R00412

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Crim. No. 05-482 (WGB) |
| | : | |
| JAMILA DAVIS, | : | |
| a/k/a "Jamila Baker," | : | 18 U.S.C. § 371 |
| BRENDA RICKARD, and | : | 18 U.S.C. § 1344 |
| ARISMA THEODORE | : | 18 U.S.C. § 2 |

I N D I C T M E N T

The Grand Jury in and for the District of New Jersey,

sitting in Newark, charges:

COUNT ONE
(Conspiracy to Commit Bank Fraud)
(All Defendants)

1.  At all times relevant to this Indictment:

a.  Lehman Brothers Bank, FSB (hereinafter

"Lehman"), with offices at 399 Park Avenue, New York, New York,

was a financial institution within the meaning of Title 18,

United States Code, Section 20, and a subsidiary of Lehman

Brothers Holdings, Inc., and was engaged in the business of

making residential mortgage loans to the public;

b.  Aurora Loan Services, Inc. (hereinafter

"Aurora"), with offices in Gaithersburg, Maryland, was also a

subsidiary of Lehman Brothers Holdings, Inc., and was engaged in

underwriting and servicing the mortgage loans funded by Lehman

Brothers Bank;

c.  Commerce Bank, North (hereinafter "Commerce"),

with a branch office at 1000 Lake Street, Ramsey, New Jersey, was

a financial institution within the meaning of Title 18, United States Code, Section 20, and was engaged in the business of making residential mortgage loans to the public (Lehman Brothers Bank, Aurora Loan Services, and Commerce Bank hereinafter referred to collectively as the "Lenders");

  d. Defendant JAMILA DAVIS, a/k/a "Jamila Baker," owned and/or controlled the operations of Diamond Star Financial. Diamond Star Financial, with offices in Leonia and later Fort Lee, New Jersey, purported to provide assistance to individuals seeking to invest in real estate.  Defendant DAVIS's responsibilities included identifying individuals willing to pose as nominee buyers; establishing relationships with real estate brokers, mortgage brokers, and others in the real estate business; identifying real property for sale; negotiating the purchase of real property; preparing and causing the preparation of fraudulent sales contracts, loan applications, and false financial documents; causing the submission of fraudulent mortgage loan applications to the Lenders; and directing the distribution of mortgage loan proceeds fraudulently obtained from the Lenders;

  e. Defendant BRENDA RICKARD owned and/or controlled the operations of M.S. Financial Services, Inc. (hereinafter "M.S. Financial").  M.S. Financial, with offices in Montclair and later Verona, New Jersey, purported to manage and oversee real estate investment transactions.  Defendant RICKARD's responsibilities included preparing and causing the preparation

-2-

of false and fraudulent documents for closings on parcels of real property, managing the real property after the closings, and distributing the mortgage loan proceeds fraudulently obtained from the Lenders;

f.   Defendant ARISMA THEODORE was an accountant and tax preparer.  Defendant THEODORE's responsibilities included the preparation of letters to be submitted to the Lenders that falsely represented that defendant THEODORE served as an accountant to various nominee buyers and that those nominee buyers were, contrary to fact, wealthy business owners with substantial income;

g.   Attorney Daniel Ellis (hereinafter "Attorney Ellis"), who is named as a coconspirator but not as a defendant herein, was an attorney admitted to practice in the State of New Jersey.  Attorney Ellis was employed by defendant BRENDA RICKARD at M.S. Financial Services, and was responsible for preparing false and fraudulent closing documents, conducting real estate closings, and acting as a settlement agent on behalf of a title company at the closings;

h.   Mortgage Broker Nick Infantino (hereinafter "Mortgage Broker Infantino"), who is named as a coconspirator but not as a defendant herein, was a mortgage broker.  His responsibilities included identifying individuals willing to pose as nominee buyers for the purchase of real property, obtaining from them basic identifying and financial information, causing the preparation of fraudulent loan applications in their names,

-3-

and submitting and causing the submission of these fraudulent applications to the Lenders; and

i.   Consultant Shaheer Williams (hereinafter "Consultant Williams"), who is named as a coconspirator but not as a defendant herein, owned and/or controlled the operations of New Life Investments.  New Life Investments, with offices in East Orange, New Jersey, purported to purchase, refurbish, and resell homes.  Consultant Williams' responsibilities included identifying individuals willing to pose as nominee buyers of real property, obtaining inflated appraisals on the subject properties, and managing construction on the purchased properties.

2.   At various times relevant to this Indictment, nominee buyers James Campbell, a/k/a "Thomas Goldson" (hereinafter "Campbell"); Brian Togneri (hereinafter "Togneri"); Brandi Mohammed (hereinafter "Mohammed"); Anel Mendez (hereinafter "Mendez"); and Carl DiMasi (hereinafter "DiMasi") (Campbell, Togneri, Mohammed, Mendez, and DiMasi hereinafter referred to collectively as the "Nominee Buyers"), in exchange for a fee, agreed to serve as purchasers in name only of the following parcels of real property (hereinafter referred to collectively as the "Nominee Properties"):

| PROPERTY | LOCATION | NOMINEE BUYER |
|----------|----------|---------------|
| Nominee Property 1 | 15 Schaffer Rd., Alpine, New Jersey | DiMasi |
| Nominee Property 2 | 497 Piermont Rd., Cresskill, New Jersey | Campbell |
| Nominee Property 3 | 66 Chestnut Ridge Rd., Saddle River, New Jersey | Campbell |
| Nominee Property 4 | 21 Christopher Place, Saddle River, New Jersey | Mohammed |
| Nominee Property 5 | 71 Woodcliff Lake Rd., Saddle River, New Jersey | Mendez |
| Nominee Property 6 | 133 Chestnut Ridge Rd., Saddle River, New Jersey | Togneri |

## The Conspiracy

3.   From in or about February 2002 to in or about May 2003, in the District of New Jersey and elsewhere, defendants

JAMILA DAVIS, a/k/a "Jamila Baker,"
BRENDA RICKARD, and
ARISMA THEODORE

did knowingly and willfully conspire with each other and others to execute a scheme and artifice to defraud financial institutions, and to obtain money and property under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

## The Object of the Conspiracy

4.   The object of the conspiracy was to fraudulently induce the Lenders to make mortgage loans to the Nominee Buyers that were in excess of the true purchase price of the Nominee

Properties, and to distribute the excess mortgage proceeds to the coconspirators in the scheme.

The Means of the Conspiracy

5.  Among the means employed by the defendants and their coconspirators to carry out the conspiracy and to effect its unlawful objects were the following:

a.  From in or about February 2002 to in or about October 2002, defendant JAMILA DAVIS, Mortgage Broker Infantino, and Consultant Williams recruited the Nominee Buyers to act in name only as the purchasers of the Nominee Properties, in exchange for a fee.  The Nominee Buyers agreed to act as the purchasers of the Nominee Properties, knowing that they had no intention of owning, and would not in fact own, the Nominee Properties.  The Nominee Buyers further agreed to act as nominee borrowers for mortgage loans fraudulently obtained from the Lenders and secured by the Nominee Properties, knowing that they had no intention or capability of repaying these mortgage loans.

b.  From in or about February 2002 to in or about October 2002, defendant DAVIS, acting in the names of the Nominee Buyers, entered into contracts for the purchase of the Nominee Properties.  In order to obtain mortgage loans in excess of the true purchase prices of the Nominee Properties, defendant DAVIS and Mortgage Broker Infantino fraudulently caused second, falsified sales contracts to be prepared without the knowledge or authorization of the sellers of the Nominee Properties.  These

-6-

second, falsified contracts fraudulently reflected the following inflated purchase prices:

| PROPERTY | TRUE PURCHASE PRICE | FALSELY INFLATED PURCHASE PRICE |
|---|---|---|
| Nominee Property 1 | $3.8 million | $5.9 million |
| Nominee Property 2 | $1.1 million | $2.05 million |
| Nominee Property 3 | $1.5 million | $3.2 million |
| Nominee Property 4 | $1.8 million | $3.5 million |
| Nominee Property 5 | $2.8 million | $5.5 million |
| Nominee Property 6 | $1.78 million | $4.4 million |

c.   Defendant DAVIS and Mortgage Broker Infantino caused these second, falsified contracts to be submitted to the Lenders in support of fraudulent mortgage loan applications, as more fully described below.

d.   From in or about February 2002 to in or about November 2002, Mortgage Broker Infantino, acting in the names of the Nominee Buyers, caused to be submitted materially false and fraudulent mortgage loan applications to Aurora, as agent for Lehman, for the purchases of the Nominee Properties.  In support of these false and fraudulent applications, Mortgage Broker Infantino also caused the following documents to be submitted:

-7-

i.  For Nominee Buyers Campbell, Mohammed, and Mendez, false and fraudulent IRS forms W-2 showing the following falsely inflated incomes:

| NOMINEE BUYER | ACTUAL REPORTED INCOME (APPROXIMATE) | INCOME ON FALSE W-2 (APPROXIMATE) |
|---|---|---|
| Campbell | $16,000 | $500,000 |
| Mohammed | $35,000 | $600,000 |
| Mendez | $40,000 | $600,000 |

ii.  For Nominee Buyers DiMasi and Togneri, letters prepared by defendant ARISMA THEODORE falsely stating that defendant THEODORE was a certified public accountant and falsely attesting that both DiMasi and Togneri were successfully self-employed, whereas in fact, both DiMasi and Togneri were bartenders at a restaurant; and

iii.  For each of the Nominee Buyers, false and fraudulent bank account statements showing average account balances that were falsely inflated above the Nominee Buyers' actual account balances during the same time period as follows:

| NOMINEE BUYER | ACTUAL ACCOUNT BALANCE (APPROXIMATE) | AVERAGE ACCOUNT BALANCE ON FALSE BANK STATEMENT (APPROXIMATE) |
|---|---|---|
| DiMasi | $7,000 | $1.5 million |
| Campbell (Nominee Property 2) | no accounts with positive balance | $1.2 million |
| Campbell (Nominee Property 3) | $10,000 | $1.8 million |
| Mohammed | $3,800 | $1.3 million |
| Mendez | $65,000 | $2.7 million |
| Togneri | $300 | $795,000 |

-8-

e. From in or about April 2002 to in or about December 2002, Mortgage Broker Infantino, acting in the name of the Nominee Buyers, caused materially false and fraudulent second mortgage loan applications to be submitted to Commerce regarding each of the Nominee Properties except Nominee Property 3, containing the same false financial information set forth in Paragraph 5(d), above.

f. From in or about February 2002 to in or about October 2002, Consultant Williams caused real estate appraisals to be obtained for each of the Nominee Properties that supported the falsely inflated sales prices contained in the second, falsified sales contracts submitted to the Lenders in support of the false and fraudulent mortgage loan applications.

g. From in or about April 2002 to in or about November 2002, based in part on the falsely inflated prices in the second, falsified contracts, the fraudulent misrepresentations regarding the income and account balances of the Nominee Buyers, and the real estate appraisals, Lehman agreed to issue mortgage loans to be secured by each of the Nominee Properties. Lehman funded these loans through wire transfers to the attorney trust account of Attorney Ellis, made on or about the following dates:

-9-

| PROPERTY | AMOUNT OF LOAN | DATE FUNDED |
|---|---|---|
| Nominee Property 1 | $3.835 million | 12/3/02 |
| Nominee Property 2 | $1.435 million | 4/29/02 |
| Nominee Property 3 | $2.24 million | 10/18/02 |
| Nominee Property 4 | $2.45 million | 8/27/02 |
| Nominee Property 5 | $3.575 million | 10/31/02 |
| Nominee Property 6 | $2.86 million | 8/20/02 |

h.   From in or about April 2002 to in or about December 2002, defendant BRENDA RICKARD and Attorney Ellis prepared and submitted to Lehman various closing and mortgage loan documents, knowing that the mortgage loans had been obtained based on false and fraudulent information.  From in or about April 2002 to in or about December 2002, these fraudulent closing and mortgage loan documents were executed by each of the Nominee Buyers.

i.   From in or about April 2002 to in or about December 2002, based in part on the falsely inflated price in the second, falsified contracts and the fraudulent misrepresentations regarding the income and account balances of the Nominee Buyers, Commerce agreed to issue second mortgage loans in the following amounts, to be secured by each of the Nominee Properties except Nominee Property 3:

| PROPERTY | AMOUNT OF SECOND LOAN | DATE FUNDED |
|---|---|---|
| Nominee Property 1 | $885,000 | 12/9/02 |
| Nominee Property 2 | $205,000 | 4/30/02 |
| Nominee Property 4 | $350,000 | 9/17/02 |
| Nominee Property 5 | $825,000 | 11/7/02 |
| Nominee Property 6 | $660,000 | 9/12/02 |

j.  From in or about April 2002 to in or about December 2002, defendant RICKARD and Attorney Ellis prepared and submitted to Commerce various closing and mortgage loan documents, knowing that the mortgage loans had been obtained based on false and fraudulent information.  From in or about April 2002 to in or about December 2002, these fraudulent closing and mortgage loan documents were executed by various coconspirators in the names of the Nominee Buyers.

k.  Beginning in or about May 2002, and in order to conceal the fraudulent activity of the conspiracy, defendant DAVIS and defendant RICKARD made, and directed to be made, regular periodic mortgage payments to the Lenders.

l.  Beginning in or about May 2002, defendant DAVIS, defendant RICKARD, and others distributed payments to each of the coconspirators consisting of monies from the proceeds of the fraudulently-obtained mortgage loans.

m.  In addition to the fraudulent mortgage loans on the Nominee Properties, from in or about April 2002 to in or about December 2002, defendants DAVIS, RICKARD, THEODORE, and their coconspirators, using second, falsified contracts, false

-11-

and fraudulent financial documents, and fraudulent loan applications in a manner similar to that described above, also arranged for and obtained from Lehman, Commerce, and Rose Mortgage Corporation ("Rose Mortgage") the following additional mortgage loans:

| PROPERTY | LENDER | AMOUNT OF LOAN |
|---|---|---|
| 7 Cassandra Dr., Alpine, New Jersey | Lehman | $2.975 million |
| 7 Cassandra Dr., Alpine, New Jersey | Commerce | $600,000 |
| 21 Schaffer Rd., Alpine, New Jersey | Lehman | $2.925 million |
| 21 Schaffer Rd., Alpine, New Jersey | Commerce | $885,000 |
| 21 Schaffer Rd., Alpine, New Jersey | Rose Mortgage | $2.925 million |

Overt Acts

6.   In furtherance of the conspiracy, and in order to effect the object thereof, defendant JAMILA DAVIS, a/k/a "Jamila Baker," defendant BRENDA RICKARD, defendant ARISMA THEODORE, and one or more of their coconspirators committed, and caused to be committed, the following acts in the District of New Jersey and elsewhere:

a-f.   On or about the dates set forth below, defendant DAVIS prepared and caused to be prepared, and subsequently submitted and caused to be submitted to Lehman, the following second, falsified sales contracts containing fraudulently inflated sales prices:

| Overt Act | Date of Contract | Property | Fraudulently Inflated Sales Price Listed in Contract |
|---|---|---|---|
| 6a | 2/2/02 | Nominee Property 2 | $2.05 million |
| 6b | 7/9/02 | Nominee Property 6 | $4.4 million |
| 6c | 7/9/02 | Nominee Property 4 | $3.5 million |
| 6d | undated | Nominee Property 3 | $3.2 million |
| 6e | 8/12/02 | Nominee Property 5 | $5.5 million |
| 6f | 9/20/02 | Nominee Property 1 | $5.9 million |

g-l.   On or about the dates set forth below, defendant RICKARD prepared and caused to be prepared, and subsequently submitted and caused to be submitted to Lehman, the following falsified closing documents containing fraudulently inflated sales prices:

| Overt Act | Date of Closing | Property | Fraudulently Inflated Sales Price Listed in Closing Documents |
|---|---|---|---|
| 6g | 4/29/02 | Nominee Property 2 | $2.05 million |
| 6h | 10/1/02 | Nominee Property 6 | $4.4 million |
| 6i | 8/27/02 | Nominee Property 4 | $3.5 million |
| 6j | 10/18/02 | Nominee Property 3 | $3.2 million |
| 6k | 10/31/02 | Nominee Property 5 | $5.5 million |
| 6l | 12/3/02 | Nominee Property 1 | $5.9 million |

m-n.  On or about the dates set forth below, defendant ARISMA THEODORE prepared and caused to be prepared, and subsequently submitted and caused to be submitted to Lehman, the following letters falsely describing himself as a certified public accountant and falsely representing that certain Nominee Buyers were individuals of substantial personal wealth:

| Overt Act | Date of Letter | Nominee Buyer | False Representation |
|---|---|---|---|
| 6m | 8/19/02 | Togneri | Togneri has been client "for the past several years," "has been self-employed for the duration of that period" and "owns and operates a successful restaurant business" |
| 6n | 11/19/02 | DiMasi | DiMasi "has been self-employed for the past three years" |

All in violation of Title 18, United States Code, Section 371.

COUNT TWO
(Bank Fraud)
(Defendants DAVIS and RICKARD)

1.    Paragraphs 1 through 2 and 4 through 5 of Count One of this Indictment are realleged and incorporated as though set forth in full herein.

2.    From on or about February 2, 2002, to on or about April 29, 2002, in the District of New Jersey, and elsewhere, defendants

JAMILA DAVIS, a/k/a "Jamila Baker," and
BRENDA RICKARD

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, namely Lehman Brothers Bank, FSB, and Commerce Bank, North, and to obtain money and property under the custody and control of those financial institutions by means of materially false and fraudulent pretenses, representations and promises by preparing and causing to be prepared, and submitting and causing to be submitted to the financial institutions, a false and fraudulent real estate sales contract and false and fraudulent closing documents containing an inflated purchase price for the property located at 497 Piermont Road, Cresskill, New Jersey.

In violation of Title 18, United States Code, Sections 1344 and 2.

-15-

COUNT THREE
(Bank Fraud)
(Defendants DAVIS and RICKARD)

1. Paragraphs 1 through 2 and 4 through 5 of Count One of this Indictment are realleged and incorporated as though set forth in full herein.

2. From on or about July 9, 2002, to on or about October 18, 2002, in the District of New Jersey and elsewhere, defendants

JAMILA DAVIS, a/k/a "Jamila Baker," and
BRENDA RICKARD

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, namely Lehman Brothers Bank, FSB, and Commerce Bank, North, and to obtain money and property under the custody and control of those financial institutions by means of materially false and fraudulent pretenses, representations and promises by preparing and causing to be prepared, and submitting and causing to be submitted to the financial institutions, a false and fraudulent real estate sales contract and false and fraudulent closing documents containing an inflated purchase price for the property located at 21 Christopher Place, Saddle River, New Jersey.

In violation of Title 18, United States Code, Sections 1344 and 2.

-16-

COUNT FOUR
(Bank Fraud)
(All Defendants)

1.  Paragraphs 1 through 2 and 4 through 5 of Count One
of this Indictment are realleged and incorporated as though set
forth in full herein.

2.  From in or about July 2002 to on or about October
18, 2002, in the District of New Jersey and elsewhere, defendants

JAMILA DAVIS, a/k/a "Jamila Baker," and
BRENDA RICKARD

did knowingly and willfully execute and attempt to execute a
scheme and artifice to defraud a financial institution, namely
Lehman Brothers Bank, FSB, and to obtain money and property under
the custody and control of that financial institution by means of
materially false and fraudulent pretenses, representations and
promises by preparing and causing to be prepared, and submitting
and causing to be submitted to the financial institution, a false
and fraudulent real estate sales contract and false and
fraudulent closing documents containing an inflated purchase
price for the property located at 66 Chestnut Ridge Road, Saddle
River, New Jersey.

In violation of Title 18, United States Code, Sections
1344 and 2.

-17-

COUNT FIVE
(Bank Fraud)
(Defendants DAVIS and RICKARD)

1.    Paragraphs 1 through 2 and 4 through 5 of Count One of this Indictment are realleged and incorporated as though set forth in full herein.

2.    From on or about July 9, 2002, to on or about October 1, 2002, in the District of New Jersey and elsewhere, defendants

JAMILA DAVIS, a/k/a "Jamila Baker,"
BRENDA RICKARD, and
ARISMA THEODORE

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, namely Lehman Brothers Bank, FSB, and Commerce Bank, North, and to obtain money and property under the custody and control of those financial institutions by means of materially false and fraudulent pretenses, representations and promises by preparing and causing to be prepared, and submitting and causing to be submitted to the financial institutions, a false and fraudulent real estate sales contract and false and fraudulent closing documents containing an inflated purchase price for the property located at 133 Chestnut Ridge Road, Saddle River, New Jersey, and a letter including false and fraudulent financial information regarding the buyer of that property.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SIX
(Bank Fraud)
(Defendants DAVIS and RICKARD)

1.     Paragraphs 1 through 2 and 4 through 5 of Count One of this Indictment are realleged and incorporated as though set forth in full herein.

2.     From on or about August 12, 2002, to on or about October 31, 2002, in the District of New Jersey and elsewhere, defendants

JAMILA DAVIS, a/k/a "Jamila Baker," and
BRENDA RICKARD

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, namely Lehman Brothers Bank, FSB, and Commerce Bank, North, and to obtain money and property under the custody and control of those financial institutions by means of materially false and fraudulent pretenses, representations and promises by preparing and causing to be prepared, and submitting and causing to be submitted to the financial institutions, a false and fraudulent real estate sales contract and false and fraudulent closing documents containing an inflated purchase price for the property located at 71 Woodcliff Lake Road, Saddle River, New Jersey.

In violation of Title 18, United States Code, Sections 1344 and 2.

<u>COUNT SEVEN</u>
(Bank Fraud)
(All Defendants)

1.  Paragraphs 1 through 2 and 4 through 5 of Count One of this Indictment are realleged and incorporated as though set forth in full herein.

2.  From on or about September 20, 2002, to on or about December 3, 2002, in the District of New Jersey and elsewhere, defendants

JAMILA DAVIS, a/k/a "Jamila Baker,"
BRENDA RICKARD, and
ARISMA THEODORE

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, namely Lehman Brothers Bank, FSB, and Commerce Bank, North, and to obtain money and property under the custody and control of those financial institutions by means of materially false and fraudulent pretenses, representations and promises by preparing and causing to be prepared, and submitting and causing to be submitted to the financial institutions, a false and fraudulent real estate sales contract and false and fraudulent closing documents containing an inflated purchase price for the property located at 15 Schaffer Road, Alpine, New Jersey, and a letter including false and fraudulent financial information regarding the buyer of that property.

In violation of Title 18, United States Code, Sections 1344 and 2.

-20-

## FORFEITURE ALLEGATION
(All Defendants)

1.   Paragraphs 1 through 2 and 4 through 5 of Count One of this Indictment are realleged and incorporated as though set forth in full herein.

2.   Upon conviction of one or more of the offenses alleged in Counts One through Seven of this Indictment, defendants

JAMILA DAVIS, a/k/a "Jamila Baker,"
BRENDA RICKARD, and
ARISMA THEODORE

shall forfeit to the United States pursuant to 18 U.S.C. § 982, for violations of 18 U.S.C. § 1344, any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s), including but not limited to the following:

a.   A sum of money equal to $14,195,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses, namely, conspiracy to commit bank fraud and bank fraud, for which the defendants are jointly and severally liable;

b.   All United States currency, funds or other monetary instruments credited to account number 9417879920, in the name of Diamond Star Financial, located at Fleet National Bank, 111 Westminster Street, Providence, RI  02110; and

-21-

    *bb*. All United States currency, funds or other

    monetary instruments credited to account number

    76-27001988-3, in the name of Hosea N. Davis,

    located at Emigrant Savings Bank, 5 East 42nd

    Street, New York, NY 10017.

  3. If any of the above-described forfeitable

property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due

    diligence;

    b. has been transferred or sold to, or deposited

    with, a third party;

    c. has been placed beyond the jurisdiction of the

    court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which

    cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. §

853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture

of any other property of said defendant up to the value of the

forfeitable property described above.

        A TRUE BILL

        FOREPERSON

CHRISTOPHER J. CHRISTIE
United States Attorney

       -22-

CASE NUMBER: _____

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

JAMILA DAVIS, a/k/a "Jamila Baker"
BRENDA RICKARD, and
ARISMA THEODORE

# INDICTMENT FOR

18 U.S.C. §§ 371, 1344 & 2

A True Bill,

_____
Foreperson

CHRISTOPHER J. CHRISTIE
U.S. ATTORNEY
NEWARK, NEW JERSEY

RACHAEL A. HONIG
ASSISTANT U.S. ATTORNEY
(973) 645-2777

USA-48AD 8
(Ed. 1/97)